UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| EDWARD E. FRENCH, SR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:08-CV-347-TS |
| | ) | |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion to Dismiss for Failure to Prosecute and for Failure to Comply with the Court's Orders [DE 24], filed on December 10, 2009. The Plaintiff has not responded to or otherwise opposed the Motion.

**BACKGROUND**

On November 4, 2008, the Plaintiff filed a Complaint [DE 1] in the Lake Superior Court, Indiana, claiming wrongful discharge and employment discrimination. On December 5, the Defendant removed the case to this Court, premising this Court's jurisdiction over the subject matter on 28 U.S.C. §§ 1331 and 1332. On December 12, the Defendant filed an Answer and Affirmative Defenses [DE 4].

On March 20, 2009, the Court conducted the Rule 16 Preliminary Pretrial Conference, approved with modification the discovery plan proposed by the parties, and set the discovery deadline for October 30, 2009. On November 2, the Court issued an Order [DE 21] granting the Defendant's Motion to Compel Compliance with Discovery and for Sanctions [DE 17] and its Motion for an Extension of Time to Complete Discovery [DE 19]. The deadline to complete

discovery was extended for the Defendant, but not for the Plaintiff. The Court noted that the Plaintiff had failed to respond to the Defendant's discovery requests in a timely fashion and ordered the Plaintiff to respond to the discovery requests within thirty days of the entry of that Order. On November 19, the Court issued an Order [DE 23] awarding the Defendant $1394.00 in fees, which it had incurred in seeking the Court's Order compelling the Plaintiff to respond to the Defendant's discovery requests. The Court ordered the Plaintiff to pay these fees within ten days of the entry of the Order.

On December 10, the Defendant filed a Motion to Dismiss for Failure to Prosecute and for Failure to Comply with the Court's Orders [DE 24]. The Defendant notes that the Plaintiff has failed to responded to the Defendant's discovery requests as ordered by the Court on November 2 and that the Plaintiff has failed to pay the fees as ordered by the Court on November 19. The Defendant requests that the Court dismiss the Plaintiff's Complaint with prejudice for failure to prosecute and to comply with the Court's Orders pursuant to Federal Rule of Civil Procedure 41(b) or, in the alternative, Federal Rule of Civil Procedure 37(b)(2)(A). Pursuant to Rule 37(b)(2)(C), the Defendant also requests fees associated with bringing this Motion. As of the date of this Opinion and Order, the Plaintiff has not filed a response or otherwise opposed this Motion, and the time for responding has passed.

## DISCUSSION

Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits a court to dismiss an action or proceeding in whole or in part when "a party . . . fails to obey an order to provide or permit discovery." Under Seventh Circuit precedent, a court must use its dismissal power sparingly, as

2

it is a "harsh sanction" that should "be employed only as a last resort." *Rice v. City of Chicago,* 333 F.3d 780, 786 (7th Cir. 2003); *see also Maynard v. Nygren,* 332 F.3d 462, 467 (7th Cir. 2003) (stating that "[o]f all possible sanctions, dismissal is considered 'draconian'"). Under Rule 37, "a finding of willfulness, bad faith, or fault" "comes into play when dismissals are used specifically as a discovery sanction." *Maynard,* 332 F.3d at 467; *see also Collins v. Illinois,* 554 F.3d 693, 696 (7th Cir. 2009).

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action when a plaintiff fails to prosecute or to comply with procedural rules or a court order. A Rule 41(b) dismissal generally operates as an adjudication on the merits. As with a dismissal under Rule 37(b), "dismissal for failure to prosecute is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Gabriel v. Hamlin,* 514 F.3d 734, 736-37 (7th Cir. 2008) (citations and quotation marks omitted). Ordinarily, a district court "may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff." *Gabriel,* 514 F.3d at 737 (citations and quotation marks omitted).

From a review of the record, this Court's Orders, and the Defendant's submission, it is apparent that the Plaintiff has failed to obey this Court's Orders, comply with procedural rules, respond to the Defendant's discovery requests, and pay the Court-awarded fees. The Plaintiff has also not responded to or otherwise opposed the Defendant's pending Motion. Considering the applicable standards, the Court will take the Defendant's Motion under advisement. If the Plaintiff wishes to proceed with this action, he must comply with the Court's Orders directing him to respond to the Defendant's discovery requests and to pay the Court-awarded fees and

must cure any other deficiencies, on or before February 8, 2010. The Court will also order the Plaintiff to respond to the Defendant's pending Motion on or before February 8, 2010. Failure to cure these deficiencies may result in dismissal of this action with prejudice and without further notice.

## CONCLUSION

For the foregoing reasons, the Court now TAKES UNDER ADVISEMENT the Defendant's Motion to Dismiss for Failure to Prosecute and for Failure to Comply with the Court's Orders [DE 24]. The Court ORDERS the Plaintiff to comply with this Court's Orders directing him to respond to the Defendant's discovery requests and pay the Court-awarded fees and to cure any other deficiencies **on or before February 8, 2010**. The Court also ORDERS the Plaintiff to respond to the Defendant's pending Motion **on or before February 8, 2010**. **Failure to cure these deficiencies may result in dismissal of this action with prejudice and without further notice.** Additionally, in light of the Plaintiff's failure to comply with the Court's Orders, the Court DIRECTS counsel for the Defendant to submit an affidavit of reasonable expenses (including attorney's fees) incurred in filing the pending Motion.

SO ORDERED on January 25, 2010.

                                                 s/ Theresa L. Springmann
                                                 THERESA L. SPRINGMANN
                                                 UNITED STATES DISTRICT COURT
                                                 FORT WAYNE DIVISION