UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| EDWARD E. FRENCH, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:08-CV-347-TS |
| | ) | |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion to Dismiss for Failure to Prosecute and for Failure to Comply with the Court's Orders [DE 24], filed on December 10, 2009.

**BACKGROUND**

On November 4, 2008, the Plaintiff filed a Complaint [DE 1] in the Lake Superior Court, Indiana, claiming wrongful discharge and employment discrimination. On December 5, the Defendant removed the case to this Court, premising this Court's jurisdiction over the subject matter on 28 U.S.C. §§ 1331 and 1332. On December 12, the Defendant filed an Answer and Affirmative Defenses [DE 4].

On March 20, 2009, the Court conducted the Rule 16 Preliminary Pretrial Conference, approved with modification the discovery plan proposed by the parties, and set the discovery deadline for October 30, 2009. On November 2, the Court issued an Order [DE 21] granting the Defendant's Motion to Compel Compliance with Discovery and for Sanctions [DE 17] and its Motion for an Extension of Time to Complete Discovery [DE 19]. The deadline to complete

discovery was extended for the Defendant, but not for the Plaintiff. The Court noted that the Plaintiff's failure to respond to the Defendant's discovery requests in a timely fashion resulted in the Defendant's filing of its Motion to Compel and ordered the Plaintiff to respond to the discovery requests within thirty days of the entry of that Order. On November 19, the Court issued an Order [DE 23] awarding the Defendant $1394.00 in fees, which it had incurred in seeking the Court's Order compelling the Plaintiff to respond to the Defendant's discovery requests. The Court ordered the Plaintiff to pay these fees within ten days of the entry of the Order, but the Plaintiff failed to comply with the Court's Order.

On December 10, the Defendant filed its Motion to Dismiss for Failure to Prosecute and for Failure to Comply with the Court's Orders [DE 24]. In the Motion, the Defendant notes that the Plaintiff has failed to respond to the Defendant's discovery requests as ordered by the Court on November 2 and that the Plaintiff has failed to pay the Court-ordered fees. The Defendant requests that the Court dismiss the Plaintiff's Complaint with prejudice for failure to prosecute and to comply with the Court's orders pursuant to Federal Rule of Civil Procedure 41(b) or, in the alternative, Federal Rule of Civil Procedure 37(b)(2)(A). Pursuant to Rule 37(b)(2)(C), the Defendant also requests fees associated with bringing its Motion to Dismiss.

On January 25, 2010, the Court issued an Opinion and Order [DE 25], taking under advisement the Defendant's Motion to Dismiss, ordering the Plaintiff to comply with this Court's orders directing him to respond to the Defendant's discovery requests and pay the Court-awarded fees and to cure any other deficiencies on or before February 8, 2010, and ordering the Plaintiff to respond to the Defendant's pending Motion to Dismiss on or before February 8, 2010. In its Opinion and Order, the Court also summarized the standards governing dismissal

under Federal Rule of Civil Procedure 37(b)(2)(A)(v) and Federal Rule of Civil Procedure 41(b), and the Court gave the Plaintiff notice that a failure to cure the deficiencies may result in dismissal of his action with prejudice and without further notice. Additionally, the Court directed counsel for the Defendant to submit an affidavit of reasonable expenses (including attorney's fees) incurred in filing the Motion to Dismiss. On February 8, the Plaintiff filed a Response [DE 27] asserting that counsel for the Plaintiff has forwarded all discovery in his possession and that the Plaintiff has experienced a series of financial hardships that undercut his ability to pay the fees ordered by the Court. On February 16, the Defendant filed a Reply.

On February 26, the Court conducted a telephonic status conference. The Court granted the Defendant's request for $1537.23 in additional fees and costs as a sanction, directed the Plaintiff to provide additional discovery that the Defendant had requested, and ordered the Plaintiff to pay the Defendant the Court-ordered fees by March 8. On March 17, the Plaintiff filed a Motion for Extension of Time to Remit Court-Ordered Fees to Defendant [DE 32], to which the Plaintiff attached an Affidavit and other materials regarding his financial circumstances. On March 19, the Court conducted another telephonic status conference and granted in part the Plaintiff's Motion allowing him to pay the sanctions in two payments. The Court ordered the Plaintiff to pay half of the ordered amount within thirty days and the remaining half within thirty days thereafter.

On April 29, the Defendant filed a Sur-Reply Brief [DE 36] in support of its Motion to Dismiss indicating that the Plaintiff had failed to pay the first half of the Court-ordered sanction by the deadline set by the Court. The Court gave the Plaintiff up to and including May 13 in which to file a sur-response, but the Plaintiff did not file one. On June 9, the Court conducted

another telephonic status conference, and counsel for the Plaintiff confirmed that the Plaintiff had not complied with the Court's orders to make payments and that the Plaintiff was aware that the Court is authorized to dismiss his action with prejudice for failing to comply with the Court's orders.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action on a defendant's motion when a plaintiff fails to prosecute or to comply with procedural rules or a court order. A Rule 41(b) dismissal generally operates as an adjudication on the merits. The standard for dismissal under Rule 41(b) requires a clear record of delay, contumacious conduct, or prior failed sanctions. *Maynard v. Nygren*, 332 F.3d 462, 467–68 (7th Cir. 2003); *see also Gabriel v. Hamlin,* 514 F.3d 734, 736–37 (7th Cir. 2008) (stating that a "dismissal for failure to prosecute is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and that ordinarily a district court "may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff." ) (citations and quotation marks omitted).

From a review of the record in this case, including this Court's orders, the Defendant's submissions, and the Plaintiff's repeated failure to pay the Court-ordered sanction, the Court finds that the record of the Plaintiff's delay, contumacious conduct, and the failure of prior sanctions is clear. Over the past eight months, the Plaintiff has disregarded Court-ordered deadlines, has failed to comply with this Court's orders to pay the Court-awarded fees, and has

4

delayed this Court's efforts to move this case forward and to ensure that the Defendant received the discovery to which it is entitled to defend against the Plaintiff's claims. The Plaintiff has refused to comply with the following orders: the Court's November 2, 2009, Order to respond to discovery requests within thirty days; the Court's November 19, 2009, Order to pay $1394 as a sanction within ten days; the Court's January 25, 2010, Order to respond to discovery requests and pay the Court-awarded fees and cure any other deficiencies by February 8, 2010; the Court's February 26, 2010, Order to pay Court-ordered sanction by March 8, 2010; and the Court's March 19, 2010, Order to make partial payments by April 19, 2010, and May 19, 2010. As for the delays, it took the Plaintiff almost five months from the close of discovery to provide the Defendant answers to its interrogatories and responses to its requests for production, and these delays prevented the Defendant from preparing for and taking the deposition of the Plaintiff. Additionally, the Court has already imposed less drastic sanctions for the Plaintiff's conduct, including permitting the Plaintiff to pay the Court-ordered sanctions in two parts out of consideration for his financial circumstances. However, the Court's efforts at less drastic sanctions have proven unavailing. Along the way, fees and costs have continued to mount for the Defendant, and the Defendant has been prejudiced in its ability to defend in the Plaintiff's claims.

Furthermore, the Plaintiff has received explicit warning of the possibility that this case could be dismissed with prejudice. In its January 25, 2010, Opinion and Order, the Court provided the following warning:

> If the Plaintiff wishes to proceed with this action, he must comply with the Court's Orders directing him to respond to the Defendant's discovery requests and to pay the Court-awarded fees and must cure any other deficiencies, on or

> before February 8, 2010. . . . Failure to cure these deficiencies may result in dismissal of this action with prejudice and without further notice.

(Jan. 25, 2010, Op. & Order 3–4, DE 25.) Additionally, at the February 26, March 11, and March 19 telephonic status conferences, the Court reiterated that the Defendant's Motion to Dismiss remained under advisement. At the February 26 and March 19 telephonic status conferences, the Court again warned that the Plaintiff's failure to comply could result in a dismissal of the Plaintiff's case. At the June 9 telephonic status conference, counsel for the Plaintiff acknowledged that the Plaintiff understands that his claim may be dismissed with prejudice because of his failure to comply with the Court's orders.

For these reasons, the Court will grant the Defendant's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendant's Motion to Dismiss for Failure to Prosecute and for Failure to Comply with the Court's Orders [DE 24] and ORDERS this case DISMISSED WITH PREJUDICE.

SO ORDERED on June 10, 2010.

          s/ Theresa L. Springmann
          THERESA L. SPRINGMANN
          UNITED STATES DISTRICT COURT
          FORT WAYNE DIVISION